By the Court.
 

 This is a proceeding in error to reverse an order and decision entered by the public utilities commission with reference to an outstanding certificate of convenience and necessity, No. 663, that was issued to the plaintiff in error in 1927, and,
 
 *251
 
 by a
 
 nunc pro tunc
 
 entry, made effective as of 1924.
 

 In 1923 the plaintiff in error filed an affidavit with the public utilities commission, in which was said, among other things, that he was operating as a common carrier of freight over all the roads and highways that were passable in the state of Ohio on April 28, 1923, and had .been so operating for some time prior thereto; and, based on this affidavit, he requested that there be issued to him a certificate of convenience and necessity to operate over all the highways, streets, and alleys of the state of Ohio, whenever he saw fit to do so, as a common carrier of freight from whomsoever and wheresoever he could procure it, and destined to any point in the state which the shipper saw fit to designate.
 

 The record brought in by the commission shows that the commission at that time was satisfied with his affidavit, and that it found that he had complied with all-requirements of the law and orders of the commission with respect to filing maps and other data with the affidavit.
 

 The commission now says, what is not only now known' to be true, but was then known to be true, that most everything with respect to carriers of passengers and freight by motor transportation was in such a state of confusion at that time that nothing was very definitely determined on the subject.
 

 The commission has not in its possession any map showing the routes and the mileages in different municipalities, and other items of information required by the commission before issuing a certificate of convenience and necessity.
 

 Having filed the affidavit, Stockton continued to operate as theretofore until 1928, when a protest
 
 *252
 
 was filed with the commission, making certain charges of irregularity by Stockton in his method of doing business. This resulted in a citation for Stockton to appear before the commission, and a hearing was had with respect to these charges. The hearing resulted in a finding by the commission that none of the charges made was sustained by the evidence. The commission, then, further considering the scope of operations that was claimed by Stockton with respect to his certificate, determined that it would modify the certificate and limit his operations thereunder to freight passing into and out of his home town of Ashtabula, Ohio. Exceptions were taken by Stockton to this modification of right under his certificate. An application for rehearing was made, and the former ruling was adhered to, and thereupon Stockton filed a petition in error in this court.
 

 It is made entirely self-evident that much of the affidavit was an incorrect statement of the facts. The affidavit discloses that Stockton had two trucks, and two trucks only, which he was operating in his business as a common carrier of freight. That is the only equipment he then had, of ever had, or now has. There being no dispute about this fact, it follows as a matter of course that he could not have been engaged as a common carrier carrying freight, operating over
 
 all
 
 the roads, highways, alleys, and streets in the state of Ohio prior to April 28, 1923, or at the time the affidavit was filed; nor with this equipment would it be possible for him to be so engaged at this timé. .
 

 The Public Utilities Commission, for good cause shown, and after a héaring, has authority to revoke
 
 *253
 
 or modify any certificate of convenience and necessity that it has issued. There was no error committed by the commission in making the modification that it did make in this case, and the order of the commission will therefore be affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Kinkade, Bobinson, Jones, Matthias, Day and Allen, JJ., concur.